**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESI INVESTMENTS III, a California limited partnership,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CITY OF MOUNTAIN VIEW, a municipal corporation,<br><br>    Defendant - Appellee. | No. 13-15029<br><br>D.C. No. 5:10-cv-04714-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco, California

Before: NOONAN, Senior Circuit Judge, SILVERMAN, Circuit Judge, and
GARBIS,[**] Senior District Judge.

  In 2010, Teresi Investments III, a California building developer, brought an

action against the City of Mountain View pursuant to 42 U.S.C. § 1983 for actions

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

of the City related to Teresi's attempt to complete a rezoning and development project at one of its properties (the "Property"). Teresi contended that certain actions of the City violated Teresi's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution.

The district court granted summary judgment to the City, ruling that the City had not violated Teresi's procedural due process, substantive due process, or equal protection rights. Teresi seeks reversal of the grant of summary judgment on the grounds that it has "raised a genuine dispute of material fact as to whether the City acted arbitrarily and for illegitimate concerns."

We review a district court's grant of summary judgment de novo. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

In 2006, the City conditionally approved Teresi's plans for a development project to demolish the low-income housing complex on the Property and replace it with a larger condominium complex. By the summer of 2008, Teresi had run into difficulty obtaining financing and began to pursue reactivating residential use of the Property. Teresi objected to the City's requirements that to do so, it must (1) repay the $127,000 spent by the City to relocate the previous tenants at the Property and (2) submit to Development Review. The City Code of Ordinances requires Development Review for, *inter alia*, "exterior modifications to existing

2

structures including signs and sign programs, . . . new or modified landscaping, fencing," and "change to the development's required parking." Mountain View City Code § A.36.52.020. Teresi objected to the repayment requirement and did not submit to Development Review, and ultimately sold the Property.

To establish a violation of its substantive due process rights, Teresi must prove that requiring it to undergo Development Review was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Vill. of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926). "If it is 'at least fairly debatable' that the decision to [require Development Review] was rationally related to legitimate government interests, the[n the City's action] 'must be upheld.'" *Christensen v. Yolo Cnty. Bd. of Sup'rs*, 995 F.2d 161, 165 (9th Cir. 1993) (*quoting Nelson v. City of Selma*, 881 F.2d 836, 839 (9th Cir. 1989)).

The City presented extensive evidence indicating that it was concerned with the safety and habitability of the Property and that it required Development Review to assess the overall scope of Teresi's project. Teresi's contention that it was not using "new or modified" landscaping because it merely intended to "replace" overgrown landscaping with fresh, identical landscaping does no more than present the type of "run of the mill dispute between a developer and a town planning

3

agency" that fails to implicate concerns about due process deprivations. *See*

*Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir. 1982);

*Stubblefield Construction Co. v. City of San Bernardino*, 32 Cal. App. 4th 687,

711-12 (1995).

Teresi contends that the City's asserted bases for requiring Development

Review were pretexts to "legitimize a scheme to extort" the $127,000 in relocation

funds from Teresi and "preclude the property from being occupied by low-income

tenants." Teresi's substantive due process challenge does not impinge on a

fundamental right, so this Court "do[es] not require that the [City]'s action actually

advance its stated purposes, but merely look[s] to see whether the [City] could

have had a legitimate reason for acting as it did.'" *Halverson v. Skagit Cnty.*, 42

F.3d 1257, 1262 (9th Cir. 1994), *as amended on denial of reh'g* (Feb. 9, 1995).

Thus, as long as the City demonstrates that it is at least fairly debatable that

requiring Development Review was rationally related to a legitimate government

interest, whether the City also acted for ulterior motives is immaterial.

Teresi has not presented evidence adequate to permit a reasonable fact finder

to decide that the City's motivations for requiring Development Review did not

include any legitimate concern for safety and habitability. Indeed, the evidence

shows that the City was motivated in substantial part by health and safety concerns.

4

Accordingly, the decision to require Teresi to submit to Development Review did not violate its due process rights. *See Christensen*, 995 F.2d at 165.

Finally, Teresi contends that "the City singled Teresi out for unique treatment in violation of Teresi's right to equal protection of the laws." To succeed on this kind of "class of one" equal protection claim, Teresi must demonstrate that the City "(1) intentionally (2) treated [Teresi] differently than other similarly situated property owners, (3) without a rational basis." *Gerhart v. Lake Cnty.*, Mont., 637 F.3d 1013, 1021-22 (9th Cir. 2011).

Teresi has not presented any evidence of "similarly situated property owners" who were treated differently. Indeed, it is undisputed that the developer who purchased the Property from Teresi, was required to, and did, undergo Development Review as a precondition to renovating the Property. That developer also had not been involved in the failed condo transition project that led to residents' relocation, so there was no question of it having any responsibility for repaying the $127,000. Accordingly, Teresi's equal protection rights were not violated.

AFFIRMED.